UNITED STATED DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

_____

COX OKLAHOMA TELECOM, LLC,    )
                              )
        Plaintiff,            )
                              ) Case No. 1:06CV00637 RGW
        v.                    )
                              )
GENERAL SERVICES ADMINISTRATION, )
                              )
        Defendant.            )
_____)

## [PROPOSED] ORDER

The Court, having considered the Complaint, the Motion for Preliminary Injunction, the Memorandum of Law in Support of Motion for Preliminary Injunction, the Declarations of Roger Burnett, the GSA's Opposition and Cox's Reply, as well as the papers and records on file with the Court, hereby makes the following findings of fact and conclusions of law.

### Findings of Fact

1. Cox Oklahoma TeleCom, LLC ("Cox") is an Offeror under a General Services Administration ("GSA") contract to provide telecommunications services, including voice and data services, to the United States Government in Oklahoma (the "Contract").

2. Southern Bell Communications ("SBC") is a competitor of Cox and is also an Offeror under the Contract.

3. Bids on services are made by Offerors in a sealed bidding process, and such bids are not available to the public or to other Offerors.

4. The Contract provides for awards of services to federal agencies for a two-year base-period from the date of the award, as well as three one-year options after the base-period has ended.

5. Awards of base-period services under the Contract are ongoing, and an Offeror is permitted to lower its bid prices under the Contract at any time. A reduction in an Offeror's bid prices would result in lower bid prices for GSA to consider for future base-period awards, as well as for option-year awards.

6. Like other bidders, Cox submitted extensive, highly confidential pricing information to GSA as part of the ongoing sealed bidding process under the Contract. This information included prices, pricing methodology and other information the disclosure of which would cause harm to Cox as a competitor for services under the Contract and under similar contracts in other markets.

7. SBC has made a request, pursuant to the Freedom of Information Act ("FOIA") for Cox's confidential pricing information under the Contract.

8. By letter dated February 28, 2006, GSA informed Cox about SBC's FOIA request.

9. On March 1, 2006, Cox objected to the release of its confidential pricing information to SBC.

10. In a letter dated March 1, 2006, GSA requested specific information from Cox regarding its objections.

11. By letter dated March 7, 2006, Cox provided timely, detailed and specific responses to SBC's request explaining, among other things, how the disclosure of Cox's confidential pricing information would harm Cox.

12. In a letter dated March 31, 2006, GSA informed Cox that GSA intended to release Cox's confidential pricing information to SBC because Cox had not "described how this data revealed any proprietary or commercially confidential information." GSA failed to provide any other explanation or justification for its decision to disclose Cox's confidential pricing information.

13. Release of Cox's confidential pricing information would cause substantial, immediate and irreparable competitive harm to Cox because the release of such information would:

    a. Allow SBC to artificially underbid Cox for awards under the Contract and future GSA contracts;

    b. Trigger an iterative process of parties' requesting competitors' pricing information and underbidding one another resulting in a ratcheting down of prices under this Contract;

    c. Allow non-governmental customers to unfairly ratchet-down prices of those companies that bid on GSA contracts; and

    d. Give SBC an advantage over Cox and other competitors in bidding on other GSA contract regions yet to begin.

14. On April 6, 2006, Cox filed a Complaint and Application for Temporary Restraining Order in this Court to prevent the release of its confidential pricing information to SBC, which application was set for a hearing at 9:00 a.m. on April 7, 2006.

15. On April 7, 2006, GSA stipulated that it would treat Cox's confidential pricing information as confidential business and financial information pursuant to FOIA, and would not release such information until after this Court had ruled on Cox's motion for preliminary injunction. The stipulation was filed on April 10, 2006.

16. On April 14, 2006, Cox filed the instant Motion for Preliminary Injunction.

3

### **Conclusions of Law**

1. Cox is entitled to a preliminary injunction, having met all of the requirements for issuance of a preliminary injunction.

2. Cox has a substantial likelihood of success on the merits for the following reasons:

    a. GSA's decision to release Cox's confidential pricing information was arbitrary and capricious because it was not supported by substantial evidence in the agency record;

    b. GSA's decision to release Cox's confidential pricing information is contrary to law because Cox's pricing information is confidential business and financial information under FOIA Exemption 4, and its release is prohibited by the Trade Secrets Act, 18 U.S.C. § 1905, the Federal Acquisition Streamlining Act, 41 U.S.C. § 253b(e)(3), and the Federal Acquisition Regulations, including 48 C.F.R.§ § 15.503, 15.506.

3. Cox will be immediately and irreparably harmed by the release of its confidential pricing information to one of its major competitors, SBC, if this preliminary injunction is not granted.

4. GSA will not be injured by a delay in releasing Cox's confidential pricing information because GSA has no interest in the release of such confidential information.

5. SBC will not be harmed by delaying the release of this information until an adjudication on the merits because SBC has no legitimate interest in Cox's confidential pricing information in connection with an ongoing competitive bidding process under the Contract.

6. The public interest in a competitive bidding process is served by issuance of this preliminary injunction.

7. No bond is necessary or appropriate in this case because GSA will not be harmed if this injunction is improvidently granted.

IT IS THEREFORE ORDERED THAT:

1. Defendant General Services Administration ("GSA"), its officers, employees, agents and attorneys and anyone acting in concert with them, are enjoined from releasing, providing, reporting, making available or otherwise disclosing to any other party any information regarding Cox's pricing under the Oklahoma Services Contract GS07T06BGD0003 (the "Contract") until such time as this action finally adjudicated.

2. This preliminary injunction shall remain in effect until such time as this action has been finally adjudicated.

3. The Court has determined that the requirement of a security bond is unnecessary and shall be waived.

DATED this __ day of _____, 2006.        SO ORDERED:

                                            _____
                                            REGGIE B. WALTON
                                            UNITED STATES DISTRICT JUDGE