UNITED STATED DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| COX OKLAHOMA TELECOM, LLC,<br>      Plaintiff,<br><br>v.<br><br>GENERAL SERVICES ADMINISTRATION,<br>      Defendant. | )<br>)<br>) Case No. 1:06CV00637-RBW<br>)<br>)<br>)<br>)<br>) |

### STIPULATION OF NON-DISCLOSURE, WITHDRAWAL OF MOTION FOR PRELIMINARY INJUNCTION AND REQUEST FOR STAY

On April 26, 2006, Defendant GSA stated that it was withdrawing its final agency decision respecting the disclosure of documents at issue in this case. See Exhibit 1 (GSA's April 26, 2006 letter to Cox notifying Cox of GSA's intent to withdraw its letter decision of March 31, 2006). GSA informed Cox that GSA intends to reexamine its prior decision to release the documents at issue in this case to SBC, and that it intends to review Cox's objections to the release of certain documents related to Oklahoma Services Contract GS07T06BGD0003. Id.

Because of the withdrawal of the agency decision addressed in Cox's Motion for a Preliminary Injunction, the parties hereby agree and stipulate as follows:

1.    Cox voluntarily withdraws its Motion for Preliminary Injunction, without prejudice to refile any necessary motions or amended pleadings at such time as GSA issues any future final agency decision respecting the disclosure of documents related to Oklahoma Services Contract GS07T06BGD0003;

1

2.  Defendant GSA, its officers, employees, agents and attorneys and anyone acting in concert with them, shall, without prejudice to its final decision, treat all information regarding Cox's pricing under the Oklahoma Services Contract GS07T06BGD0003 as confidential commercial or financial information that could be exempted from public disclosure pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522(b)(4), the Trade Secrets Act, 18 U.S.C. § 1905, and the Federal Acquisition Streamlining Act ("FASA"), 41 U.S.C. § 253b(e)(3), and therefore shall not disclose such information pursuant to any FOIA request, until such time as there is a final judgment in the instant case, including any appeals, or until the parties otherwise reach a resolution; and

3.  Within fifteen (15) days of notification of any future final agency decision respecting the disclosure of documents related to Oklahoma Services Contract GS07T06BGD0003, Cox will notify GSA in writing whether Cox intends to proceed with the present action against GSA, and this stipulation will expire on the 15th day after GSA's notification of any future final agency decision if, and only if, Cox fails to notify GSA of its intent to proceed.

In light of GSA's intent to reexamine its prior final agency decision and the stipulation herein, the parties respectfully request that this Court stay this case for sixty (60) days, or until fifteen (15) days after GSA issues a new final agency decision regarding the release of documents related to Oklahoma Services Contract GS07T06BGD0003, whichever occurs earlier.

This stipulation replaces and supersedes the prior stipulation, filed by the parties on April 10, 2006.

Dated: April 28, 2006

*[signature: W. Bradley Ney]*

W. Bradley Ney (D.C. Bar No. 486363)
DOW LOHNES & ALBERTSON, PLLC
1200 New Hampshire Ave., N.W.
Washington, DC 20036
Telephone: (202) 776-2000
Facsimile: (202) 776-2222
Counsel for Plaintiff
Cox Oklahoma TeleCom, LLC

Respectfully submitted,

*[signature]*

Heather Phillips
Assistant United States Attorney
Counsel for Defendant
General Services Administration

The Stipulation and Stay is SO ORDERED, this ___ day of _____, 2006:

_____
REGGIE B. WALTON
UNITED STATES DISTRICT JUDGE

3